PROB 12C  
(06/17)

December 28, 2023  
pacts id: 208491

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Enrique Hernandez-Miranda (English)  **Dkt. No.:** 21CR10131-001-CAB

**Reg. No.:** 95773-198

**Name of Sentencing Judicial Officer:** Case originally sentenced by the Honorable George H. Wu, U.S. District Judge in the Central District of California. On September 22, 2021, jurisdiction was transferred to the Southern District of California and assigned to the Honorable Cathy Ann Bencivengo, U.S. District Judge.

**Original Offense:** 21 U.S.C. § 841(a)(1),(b)(1)(A)(ii), Possession with Intent to Distribute Cocaine, a Class A felony.

**Date of Sentence:** June 18, 2020

**Sentence:** 63 months' custody; 5 years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On March 29, 2023, Mr. Hernandez-Miranda's conditions of supervision were modified to include not enter or reside in the Republic of Mexico without permission of the court or probation officer.

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** August 22, 2020

**Asst. U.S. Atty.:** Larry Casper   **Defense Counsel:** To be assigned, Federal Def's, Inc. (619) 234-8467

**Prior Violation History:** None.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)

| | |
|---|---:|
| Name of Offender: Enrique Hernandez-Miranda | December 28, 2023 |
| Docket No.: 21CR10131-001-CAB | Page 2 |

The probation officer believes that the offender has violated the following conditions of supervision:

| CONDITIONS | ALLEGATIONS OF NONCOMPLIANCE |
|---|---|
| **(Standard Condition)** The defendant must not commit another federal, state, or local crime. | 1. On or about December 9, 2023, Mr. Hernandez-Miranda injured a spouse/cohabitant in an act of domestic violence in violation of California Penal Code § 273.5, as evidenced by the Brawley Police Department Incident Report No. 231209010. |
| | 2. On or about December 9, 2023, Mr. Hernandez-Miranda damaged a phone line in violation of California Penal Code § 591, as evidenced by the Brawley Police Department Incident Report No. 231209010. |
| | 3. On or about December 9, 2023, Mr. Hernandez-Miranda committed false imprisonment in violation of California Penal Code § 236, as evidenced by the Brawley Police Department Incident Report No. 231209010. |
| | 4. On or about December 9, 2023, Mr. Hernandez-Miranda brandished a weapon in violation of California Penal Code § 417, as evidenced by the Brawley Police Department Incident Report No. 231209010. |

***Grounds for Revocation:*** As to Allegation 1, 2, 3, and 4, I have received and reviewed Brawley Police Department (BPD) Incident Report No. 231209010, which confirms the following: On the above date, officers were dispatched in reference to a domestic violence incident. Upon arrival, officers contacted the reporting party/victim, who advised that she and the suspect, identified as Mr. Hernandez-Miranda, were in an argument over their estranged relationship and infidelity. The victim advised she was laying on the bed when Mr. Hernandez-Miranda entered the bedroom and started yelling at her because she had another partner. She [victim] indicated she advised Mr. Hernandez-Miranda that she also had a new boyfriend, at which point she asked Mr. Hernandez-Miranda to leave the residence, to which he refused. The victim stated Mr. Hernandez- Miranda carries a "Rambo knife" in a satchel holster. She indicated he became aggressive towards her and began swinging his knife. She yelled at Mr. Hernandez- Miranda, "what the fuck are you doing."

The victim subsequently reached for her cell phone located on the nightstand, at which point Mr. Hernandez-Miranda lunged over the victim grabbing her cell phone and restricting her from calling emergency services. Mr. Hernandez-Miranda obtained control of the phone and launched the victim's cell phone at the ground causing it to shatter and break. The victim indicated she grabbed her phone and attempted to walk towards the living room to avoid further argument. Mr. Hernandez-Miranda followed the victim and stopped her near the living room entrance. He subsequently restricted her from leaving the apartment to seek help.

PROB12(C)
Name of Offender: Enrique Hernandez-Miranda                                            December 28, 2023
Docket No.: 21CR10131-001-CAB                                                                          Page 3

---

Mr. Hernandez- Miranda grabbed the victim's cell phone again and a struggle ensued. He shoved the victim into the living room television causing it to fall over and shatter the screen. Mr. Hernandez-Miranda continued to yell at the victim blaming her for the broken television. Mr. Hernandez-Miranda struck the left side of the victims face twice with a closed fist. During the altercation, the victim repeatedly told Mr. Hernandez-Miranda to stop and advised she would call the police. The victim yelled to her juvenile daughter, who was in her bedroom with the door closed at the time of the altercation, to call the police. Mr. Hernandez-Miranda subsequently fled the scene without further incident.

When police questioned the victim, she stated this was not the first time an incident such as this has occurred. An emergency restraining order was approved the Honorable William Lahman, Imperial County Superior Court Judge.

Mr. Hernandez-Miranda's case is being referred to the Imperial County District Attorney's Office for violation of the following: California Penal Code § 273.5, Domestic Violence; California Penal Code § 591, Damaging Phone Line; California Penal Code § 236, False Imprisonment; and California Penal Code § 417, Brandishing a Weapon. According to the Imperial County District Attorney's Office, the matter is under review.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

On September 10, 2020, following his release from custody, Mr. Hernandez-Miranda reported to the probation office for further supervision instructions. Mr. Hernandez-Miranda was originally sentenced in the Central District of California; however, it was determined that he had no ties to that area and subsequently released to the Southern District of California, where he has remained. On September 22, 2021, jurisdiction of his case was transferred from the Central District of California to the Southern District of California. On the date he reported for supervision, Mr. Hernandez-Miranda was advised of his conditions of supervised release and his judgement and commitment order was reviewed.

Mr. Hernandez-Miranda appeared to be in general compliance. However, on December 9, 2023, the undersigned received information that Mr. Hernandez-Miranda was in violation of his conditions of supervised release as alleged herein. On December 27, 2023, Mr. Hernandez-Miranda was directed to report to the Brawley Police Department and resolve his pending matter. When the alleged violations were address with Mr. Hernandez-Miranda he failed to accept responsibility for his actions and laid blame on the victim.

Mr. Hernandez-Miranda has tested randomly throughout supervision, and all tests returned negative for illicit drug use.

Due to the conduct noted herein, his supervision adjustment can best be described as poor.

PROB12(C)

| | |
|---|---|
| Name of Offender: Enrique Hernandez-Miranda | December 28, 2023 |
| Docket No.: 21CR10131-001-CAB | Page 4 |

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Hernandez-Miranda is a 46-year-old Hispanic male, who was last residing in Brawley, California. Mr. Hernandez-Miranda has been employed for most of his time on supervised release, until recently. Mr. Hernandez-Miranda's criminal history started in 1998 at the age of 20. According to the presentence report, Mr. Hernandez-Miranda has prior arrests for transportation of a methamphetamine in 2001 and again in 2002, possession with intent to distribute marijuana, and receiving stolen property.

According to the presentence report, Mr. Hernandez-Miranda started consuming alcohol and marijuana at 16 and by the age of 18 was using marijuana daily up until his arrest in 2006. As previously noted, there was no indication of illicit substance use during the term of supervision.

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 5 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: USSG §7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves domestic violence which constitutes a Grade A violation. USSG §7B1.1(a)(1), p.s.

Upon a finding of a Grade A violation the court shall revoke supervised release. USSG §7B1.3(a)(1), p.s.

The defendant was on supervised release as a result of a sentence for a Class A felony. A Grade A violation with a Criminal History Category V (determined at the time of sentencing) establishes an **imprisonment range of 46 to 57 months.** USSG § 7B1.4(a)(2), p.s.

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG §7B1.3(f), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

## JUSTIFICATION FOR BENCH WARRANT

As evidenced by Mr. Hernandez-Miranda's criminal act, coupled with the nature of the violation conduct, the issuance of a warrant for his arrest appears appropriate, as he presents as a risk to the community.

PROB12(C)

| | |
|---|---|
| Name of Offender: Enrique Hernandez-Miranda | December 28, 2023 |
| Docket No.: 21CR10131-001-CAB | Page 5 |

## RECOMMENDATION/JUSTIFICATION

As evidenced by his criminal conduct, Mr. Hernandez-Miranda has failed to grasp the seriousness of supervised release. He committed an act of violence toward an intimate partner and has clearly breached the court's trust.

It is respectfully recommended that should Mr. Hernandez-Miranda be found in violation, his supervised release be revoked, and he be sentenced to 30 months' custody, consecutive to any sentence imposed in Imperial County Superior Court, with 18 months of supervised release to follow. This sanction will effectively address his breach of trust and demonstrate that his violent conduct will not be tolerated. It is recommended the following special condition be imposed:

**(Special Condition)**
Submit your person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

**(Special Condition)**
Participate in a cognitive behavioral treatment program as directed by the probation officer, and if deemed necessary by the probation officer. Such program may include group sessions led by a counselor, or participation in a program administered by the probation office. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

**(Special Condition)**
Not enter or reside in the Republic of Mexico without permission of the court or probation officer, and comply with both United States and Mexican immigration laws.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:** December 28, 2023

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by *Amanda Behl* (signature)
Amanda Behl
U.S. Probation Officer
(760) 339-4203

Reviewed and approved:

*Kasey M. McCoskery* (signature)
Kasey M. McCoskery
Supervisory U.S. Probation Officer

PROB12CW                                                                                               December 28, 2023

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Hernandez-Miranda, Enrique

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 21CR10131-001-CAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| Violation(s) | Grade |
|---|---|
| Injured a Spouse/Cohabitant: Domestic Violence | A |
| Damaged a Phone Line | B |
| False Imprisonment | B |
| Brandishing a Weapon | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))     [ A ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))              [ V ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))            [ 47 to 56 months ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

|  |  |  |  |
|---|---|---|---|
| Restitution ($) | | Community Confinement | |
| Fine ($) | | Home Detention | |
| Other | | Intermittent Confinement | |

Case 3:21-cr-10131-CAB   Document 5   Filed 12/28/23   PageID.41   Page 7 of 7

PROB12(C)

| | |
|---|---|
| Name of Offender: Enrique Hernandez-Miranda | December 28, 2023 |
| Docket No.: 21CR10131-001-CAB | Page 7 |

**THE COURT ORDERS:**

__X__  AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____  DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____  Other _____

_____

_____

[signature]                                                                                            12/28/2023

The Honorable Cathy Ann Bencivengo                                        Date
U.S. District Judge